**Entered on Docket**
**December 22, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




**Signed and Filed: December 21, 2010**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ALICE WELLER RIEDEL,<br><br>Debtor. | Bankruptcy Case No. 10-32031DM<br><br>Chapter 13 |

MEMORANDUM DECISION ON OBJECTION TO CLAIM

I. Introduction[1]

On August 30, 2010, Wells Fargo Bank, N.A. ("Bank") filed a proof of secured claim ("Claim") in the amount of $530,251.60. The Claim was based upon an Adjustable Rate Mortgage Note ("Note") in the principal amount of $474,344 executed by Alice F. Weller, the former name of the above-named debtor ("Debtor"). The Claim included arrearages in the sum of $31,974.60,[2] including twelve delinquent pre-petition payments totaling $26,796.84; the balance of the arrearages consisted of pre- and post-petition attorneys fees and costs, late charges and an escrow shortage. The Claim also referred to an interest rate of 7.3%, explaining in a

[1]The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

[2]The Claim reflects a principal balance of $486,945.95. The reason for the difference between that amount and the amount in the Note is not known to the court but is not material to the issue being decided.



Case: 10-32031 Doc# 28 Filed: 12/21/10 Entered: 12/22/10 09:38:54 Page 1 of 4

footnote that the interest rate is adjustable pursuant to the terms of the Note.

Debtor filed a Chapter 13 Plan-First Amended ("Plan") on July 2, 2010, using this court's Model Chapter 13 Plan (Effective 1/1/09). The court confirmed the Plan on August 16, 2010.

In Paragraph 4C of the Plan Debtor listed post-petition payments on the secured debt owed to Bank in the amount of $2,219.20, the same amount the Claim reflected as being owed on eleven of the twelve pre-petition delinquent payments. Nothing was stated regarding interest. Paragraph 4D of the Plan stated that as to pre-petition debt, the "Defaulted Debt" was $27,826, with an interest rate of 6.472%, which the court understands to have been the original interest rate of the Note.

On November 12, 2010, Debtor objected to the Claim, contending that by virtue of the confirmed Plan Bank was bound to pre-petition arrearages in the amount of $27,826 at an interest rate of 6.472%, relying primarily on the recent Supreme Court case, <u>United Student Aid Fund v. Espinosa</u> __ U.S. __ (2010).

Bank submitted an opposition and Debtor submitted a reply; the matter was argued to the court on December 17. For the reasons explained below, the Bank will overrule the objections and allow the Claim as filed.

II. <u>Discussion</u>

The <u>Espinosa</u> case involved the finality of an order confirming a plan that purported to discharge interest on a student loan without the filing of an adversary proceeding or a specific determination of undue hardship. As correctly argued by Debtor, the Supreme Court rejected the complaining creditor's



Case: 10-32031 Doc# 28 Filed: 12/21/10 Entered: 12/22/10 09:38:54 Page 2 of 4

arguments and upheld the finality of the confirmation order. It explained that the creditor's remedy was to have objected to the plan confirmation.

In the present case it is true that Bank could have objected to confirmation, contending that the amount of the pre-petition defaults or the pre-petition interest rate, each as set forth in paragraph 4D, was incorrect. It could have also challenged the amount of post-petition payments, $2,219.20. It did neither.

Based upon Bank's silence, Debtor contends that the Defaulted Debt is locked-in in the amount of $27,826 and the interest rate on the pre-petition debt is 6.472%. The irony of Debtor's position, however, is that the Defaulted Debt arrearages that she listed are in fact greater than those asserted by Bank, namely $26,796.84. As noted above, the additional $5,177.78, is not part of pre-petition monthly defaults, but rather consists of related charges, fees and costs. Since the Plan does not address or purport to disallow any of those amounts, the finality of the order confirming the Plan cannot prevent the Bank from asserting arrearages in the Claim.

As to post-petition payments, <u>Espinosa</u> does require that the monthly amount be as provided in the Plan, namely $2,219, notwithstanding the adjustable payments as of July 1, increasing to $2,385.54. But this is a hollow victory for Debtor because nothing other than paragraph 4C of the Plan purports to alter Bank's rights. Because Bank is not subject to cramdown under Bankruptcy Code § 1322(b)(2), even if Debtor fully performs under the Plan she will not be able to avoid payment of the full amount owed to Bank. This is because Paragraph 4 states that "Secured



Case: 10-32031 Doc# 28 Filed: 12/21/10 Entered: 12/22/10 09:38:54 Page 3 of 4

Creditors will retain their liens until their allowed secured claims have been paid in full." Bank's allowed secured claim is as noted above, and after Debtor completes her payment of the pre-petition arrearages (for which the interest rate of 6.472% is a historical fact that is not subject to change), the post-petition interest is subject to change by virtue of the terms of the Note even if monthly payments are made based on the Plan. Nothing in the Plan changes it, so the additional unpaid interest will continue to accrue.

In other words, the only provision in the Plan that alters the Debtor's obligations is Paragraph 4C showing the amount of the monthly payment to be made on a post-petition basis. To the extent that the Note's interest rate adjusts, and other charges such as attorney's fees, late charges, etc., remain unpaid, they will have to be paid before the Debtor fully discharges the secured claim against her property.

## III. Conclusion

Bank's counsel should submit a form of order that overrules Debtor's objections to the Claim for the reasons stated in this Memorandum Decision, but provides that the post-petition payments under the Plan will continue in the amount of $2,219.20 until the full amount of the Bank's Claim has been paid.

**END OF MEMORANDUM DECISION**